695 A.2d 377

RICHARD I. WOOD, LOIS M. WOOD, LOIS ANN WOOD DESIDER-IO, SCOTT J. WOOD, AND CRAIG A. WOOD, ADMINISTRATOR AD PROSEQUENDUM OF ESTATE OF RICHARD I. WOOD, III, DECEASED, PLAINTIFFS–RESPONDENTS, v. COUNTY OF BURLINGTON, BURLINGTON TOWNSHIP, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY POLICE ACADEMY, OFFICER MICHAEL SIMMONS, AND OFFICER CHARLES TIGGERT, DEFENDANTS, AND FLORENCE TOWNSHIP POLICE DEPARTMENT, FLORENCE TOWNSHIP, CAPTAIN SUTPHIN, SGT. JOSEPH GADBOIS, OFFICER KENNETH LINK, OFFICER GRALIN BOSTON, OFFICER MICHAEL CIPRIANO, OFFICER ALVIN SCULLY, OFFICER BENJAMIN PALUMBI, AND DETECTIVE VALENTE, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 6, 1997—Decided June 26, 1997.

Before Judges MICHELS and MUIR, Jr.

*John C. Gillespie* argued the cause for appellants Florence Township, Florence Township Police Department, and Florence Township Police Officers (*Barron & Gillespie*, attorneys; *Mr. Gillespie*, of counsel and on the brief).

*John A. Donnelly* argued the cause for respondents (*Lewis & Wood*, attorneys).[1]

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Defendants Florence Township, Florence Township Police Department, and the Florence Township Police Officers appeal from an order of the Law Division that granted plaintiffs Richard I. Wood, Lois M. Wood, Lois Ann Wood Desideradio, Scott J. Wood, and Craig A. Wood, Administrator ad Prosequendum of the Estate of Richard I. Wood, III, Deceased, leave to file a late claim under the New Jersey Tort Claims Act concerning the death of Richard I. Wood, III (decedent).

Decedent was pronounced dead shortly after midnight on December 2, 1994, following a struggle with Florence Township police officers late in the evening of December 1, 1994. The

---

[1] We permitted plaintiffs' attorney to argue the appeal even though their brief was suppressed.

incident which gave rise to this event stemmed from a motor vehicle stop which occurred on December 1, 1994, at approximately 10:45 p.m. in Florence Township. After Florence Township police officers stopped decedent, he attempted to elude them, ultimately abandoning his motor vehicle and running into his apartment at 17 West Fifth Street, Florence, New Jersey. What happened thereafter is in dispute. Plaintiffs claim that decedent died as a result of unreasonable force applied by the arresting officers. Florence Township and its arresting officers contend that they acted appropriately under all of the circumstances and that decedent had ingested a lethal dose of cocaine immediately before expiring.

On March 1, 1995, plaintiffs served a notice of tort claim upon Florence Township pursuant to the provisions of the New Jersey Tort Claims Act (the Act), *N.J.S.A.* 59:1–1 to 59:12–3. On the same day, Florence Township Administrator Richard A. Brook mailed a copy of Florence Township's official claims form adopted pursuant to *N.J.S.A.* 59:8–6 of the Act to plaintiffs' attorneys, which in part read:

> Your claim will not be considered as filed and cannot be evaluated until you return the completed form and provide the information requested.
>
> You should be aware of the fact that the New Jersey Tort Claims Act includes limitation[s] on claims against public bodies and establishes time limits for the filing of those claims.
>
> Notice of the claim against the public body generally must be filed within 90 days after the incident giving rise to the claim. No Notice of Tort Claim may be filed after the 90 day period unless there is an order from the New Jersey Superior Court allowing the late filing of a Notice of Tort Claim. Such an Order can be granted only within one year from the date of the incident and only where the Court determines that good cause exists to permit the late filing.

Plaintiffs did not complete and return the form. In fact, Florence Township did not receive any response to its letter or have any communication from plaintiffs until December 1, 1995, when plaintiffs moved in the Law Division for an order declaring that their previously filed and served notice of tort claim was "sufficient at law or in the alternative permitting [them] to file a late notice of claim in accordance with *N.J.S.A.* 59:8–9." Follow-

ing argument, the trial court granted plaintiffs leave to file a late notice of claim reasoning, in part:

[I]t is clear that the Township's adopted form was never used notwithstanding the claimant's notice of it. At the same time the Township has been on notice of this claim officially since March 1, 1995. While normally it is true that more than a year to prepare and file a specially adopted form would be unreasonable, given the circumstances of this case and the lack of clear guidance in the law on the issues raised herein I am inclined to permit the claimants now, an opportunity to answer the Township's interrogatories as completely as possible, file them by May 1, 1996, and require them to wait six months to file suit. In any event suite [sic] must be filed by December 1, 1996, if the claim is not settled before then.

We were informed at oral argument that plaintiffs have also instituted an action against Florence Township and others in the United States District Court for the District of New Jersey.

Florence Township and the other defendants appeal, seeking a reversal of the order. They contend that plaintiffs not only failed to comply with the notice requirements of the Act from the outset, but never attempted to explain why they waited so long to file their motion or why they never bothered during their initial ninety days to ascertain whether Florence Township had adopted a specialized claim form under *N.J.S.A.* 59:8–6, and never explained why they did not answer the specialized form sent to them by Florence Township.

The Act governs tort claims brought against public entities. The Act provides: "No action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." *N.J.S.A.* 59:8–3 (footnote omitted). The Comment on *N.J.S.A.* 59:8–3 reads, in part:

The purpose of the claims notification requirement in this Chapter is two-fold: (a) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (b) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense.

■ "The rationale underlying the notice requirement of the Act is to expedite investigation with the hope of reaching a nonjudicial settlement and to allow the public entity prompt access to information about the claim so that it may prepare a defense."

*Pilonero v. Township of Old Bridge,* 236 *N.J.Super.* 529, 533, 566 A.2d 546 (App.Div.1989). *See also Navarro v. Rodriguez,* 202 *N.J.Super.* 520, 525, 495 A.2d 476 (Law Div.1984).

The contents of a notice of claim against a public entity are governed by *N.J.S.A.* 59:8–4 and *N.J.S.A.* 59:8–6. *N.J.S.A.* 59:8–4 provides, in part:

A claim shall be presented by the claimant or by a person acting on his behalf and shall include:

a.   The name and post office address of the claimant;

b.   The post-office address to which the person presenting the claim desires notices to be sent;

c.   The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

d.   A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;

e.   The name or names of the public entity, employee or employees causing the injury, damage or loss, if known;   and

f.   The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.

Claimants may also be required to provide additional information because public entities may adopt their own specialized forms pursuant to *N.J.S.A.* 59:8–6.   *N.J.S.A.* 59:8–6 provides, in part:

A public entity may by rule or regulation adopt forms specifying information to be contained in claims filed against it or its employee under this act.   Such forms shall include the requirements of 59:8–4 of this act and may include such additional information or evidence as (1) written reports of a claimant's attending physicians or dentists setting forth the nature and extent of injury and treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity;   (2) a list of claimant's expert witnesses and any of their reports or statements relating to the claim;   (3) itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses;   (4) documentary evidence showing amounts of income lost;   (5) if future treatment is necessary, a statement of anticipated expenses for each treatment.

In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the public entity and a claimant may be required to permit a public entity to inspect all appropriate records relating to his claim for liability and damages including, but not limited to, income tax returns, hospital records, medical records and employment records.

. . . .

"This provision is necessary in order to assure the fair and full disclosure of information necessary to the orderly and expedient administrative disposition of claims." Comment on *N.J.S.A.* 59:8–6.

Before the underlying events of this matter occurred, Florence Township had duly adopted its own notice of claim form pursuant to *N.J.S.A.* 59:8–6. Moreover, Florence Township gave plaintiffs' attorneys notice that it had adopted its own specialized form and that completion of such was *required in order to properly comply* with the Act. Plaintiffs contended that Florence Township's specialized form was overly burdensome and exceeded the authorized scope of *N.J.S.A.* 59:8–6. The trial court disagreed and determined that

> *N.J.S.A.* 59:8–6 does not restrict the information a public entity can seek by way of a specially adopted claim form notice. It appears that the statute is phrased to allow questions seeking information beyond the five specified categories. In addition, such a construction does facilitate early settlements of claims by requiring a claimant to disclose up front and fully the factual background and supportive corroboration of the underlying facts giving rise to the claim.

At the outset, we note that a plain reading of *N.J.S.A.* 59:8–6 shows that the additional information which a public entity is permitted to demand in its notice of claim form is not limited to the categories of information listed in that section. The first sentence of the statute states that "[a] public entity may by rule or regulation adopt forms specifying information to be contained in claims filed against it or its employee under this act." *N.J.S.A.* 59:8–6. This language clearly gives public entities the authority to decide for themselves what information must be provided by claimants and does not limit or restrict that entitlement to the categories of information described more specifically within the section. The section specifically provides that the specialized form

> *may* include such additional information or evidence as (1) written reports of a claimant's attending physicians or dentists setting forth the nature and extent of injury and treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity; (2) a list of claimant's expert witnesses and any of their reports or statements relating to the claim; (3) itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses; (4) documentary evidence showing

amounts of income lost; (5) if future treatment is necessary, a statement of anticipated expenses for each treatment.

[*Ibid.* (emphasis added).]

This interpretation is consistent with the purpose of "assur[ing] the fair and full disclosure of information necessary to the orderly and expedient administrative disposition of claims." Comment on *N.J.S.A.* 59:8–6.

Florence Township's specialized notice of claim form does not exceed the scope permitted by *N.J.S.A.* 59:8–6. Plaintiffs were required to answer the questions and inquiries contained within Florence Township's specialized notice of claim form. "Once a public entity adopts a personalized notice of claim form pursuant to *N.J.S.A.* 59:8–6, which requires information that is more detailed than is otherwise required, it is incumbent upon a claimant to provide the information requested in the form." *Navarro v. Rodriguez, supra,* 202 *N.J.Super.* at 529, 495 *A.2d* 476. Mere compliance with *N.J.S.A.* 59:8–4 cannot save a notice of claim which does not also substantially comply with *N.J.S.A.* 59:8–6. Plaintiffs failed to complete the specialized claim form and furnish Florence Township with information it required to estimate its monetary exposure. *See Guerrero v. City of Newark,* 216 *N.J.Super.* 66, 73, 522 *A.2d* 1036 (App.Div.1987). Plaintiffs did not provide any information relating to lost wages, insurance, itemized bills, expenses, or losses which would have enabled Florence Township to properly evaluate plaintiffs' claim in order to reach a non-judicial settlement or to prepare a defense. Plaintiffs were under a statutory duty to obtain and provide this information to Florence Township. Plaintiffs' failure to do so plainly violated the letter and spirit of *N.J.S.A.* 59:8–6.

Moreover, plaintiffs did not show any reasons, let alone extraordinary reasons, for failing to file the statutorily mandated claim form within the period of time provided by *N.J.S.A.* 59:8–8 or for failing to move for leave to file a late notice of claim within a reasonable time thereafter. *N.J.S.A.* 59:8–9, which governs filing a late notice of claim, was amended effective June 23, 1994, by *L.* 1994, *c.* 49, § 5, in part to change one required element from a

showing of "sufficient reasons" for failing to file a timely notice of claim to a showing of "extraordinary circumstances" for such failure. The amended statute now provides:

A claimant who fails to file notice of his claim within 90 days as provided in section 59:8–8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8–8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

A plain reading of the statute establishes the following criteria for permission to file a late notice of claim: (1) either sufficient reasons constituting extraordinary circumstances for a claimant's failure to file notice of claim within the period of time prescribed by *N.J.S.A.* 59:8–8, or sufficient reasons constituting extraordinary circumstances for the failure to move for leave file a late notice of claim within a reasonable time thereafter and (2) the public entity or public employee has not been substantially prejudiced by the delay. *But see Assembly Judiciary, Law & Public Safety Comm., Statements to Assembly, No. 226* (with Comm. Amendments) (March 21, 1994). Both criteria must be met by the claimant seeking relief.

Here, plaintiffs not only failed to file a proper notice of claim with Florence Township within the time prescribed by *N.J.S.A.* 59:8–8, but they also failed to establish sufficient reasons constituting extraordinary circumstances for failing to file the notice of claim within the period prescribed by *N.J.S.A.* 59:8–8 or for failing to move for leave to file a late notice of claim within a reasonable time thereafter. Contrary to the trial court's view, plaintiffs' ignorance of Florence Township's specialized form did not constitute sufficient reasons constituting extraordinary circumstances for their failure to file Florence Township's specialized notice of claim form within the period of time prescribed by *N.J.S.A.* 59:8–8. *See Escalante v. Township of Cinnaminson, 283 N.J.Super.*

244, 250–51, 661 *A.*2d 837 (App.Div.1995); *Abel v. City of Atlantic City,* 228 *N.J.Super.* 360, 367–68, 549 *A.*2d 894 (App.Div.1988), *certif. denied,* 114 *N.J.* 477, 555 *A.*2d 604 (1989); *Lutz v. Semcer,* 126 *N.J.Super.* 288, 297, 314 *A.*2d 86 (Law Div.1974). Moreover, plaintiffs have not shown any reason why they could not have moved for leave to file a late notice of claim within a reasonable time after receiving Florence Township's letter advising them of the status of their claim and the requirements for proper presentment of a tort claim. There is no explanation for their waiting nine months before filing their motion. Certainly, plaintiffs cannot explain their delay in seeking adequate legal counsel to investigate their claim because two of them are attorneys licensed to practice law in this State. *Cf. Escalante v. Township of Cinnaminson, supra,* 283 *N.J.Super.* at 251, 661 *A.*2d 837. To allow plaintiffs' claim under the circumstances presented in this case would render meaningless the purpose of the 1994 amendment to *N.J.S.A.* 59:8–9. Here, plaintiffs, upon being notified by Florence Township of its specialized notice of claim form, simply refused to complete and file the form. Consequently, we hold that the trial court abused its discretion in granting plaintiffs' motion to file a late notice of claim.

Accordingly, the order under review is reversed.