**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0489-18T1

LUZI BARTSCH,

      Plaintiff-Respondent,

v.

CITY OF NEWARK,

      Defendant-Appellant,

and

EAST SIDE HIGH SCHOOL and
NEWARK PUBLIC SCHOOLS,

      Defendants-Respondents,

and

STATE OF NEW JERSEY,

      Defendant.

_____

Argued March 6, 2019 – Decided April 29, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0456-18.

Gary S. Lipshutz, Assistant Corporation Counsel, argued the cause for appellant City of Newark (Kenyatta K. Stewart, Corporation Counsel, attorney; Alana Miles, Assistant Corporation Counsel and Gary S. Lipshutz, on the briefs).

Gerald H. Clark argued the cause for respondents Luzi Bartsch and Charles Bartsch (Clark Law Firm, PC, attorneys; Gerald H. Clark and Lazaro Berenguer, of counsel and on the brief).

Courtney M. Knight argued the cause for respondents East Side High School and Newark Public Schools (Florio Perrucci Steinhardt & Cappelli, LLC, attorneys; Lester E. Taylor and Courtney M. Knight, on the brief).

PER CURIAM

On leave granted, we consider whether plaintiff Luzi Bartsch substantially complied with the notice requirements of the Tort Claims Act (Act), N.J.S.A. 59:8-1 to 12-3. Because plaintiff failed to provide sufficient information as to the location of her accident and details of its occurrence, we conclude she did not comply with the Act's notice requirements. We reverse the trial court orders that denied defendant City of Newark's (City) motion for dismissal.[1]

---

[1] Defendants Newark Public Schools and East Side High School did not move to dismiss plaintiff's complaint in the trial court and were not involved in the subsequent motions for reconsideration. Only the City presented a motion for

Plaintiff served a notice of claim on the City and other public entities.  The notice stated:

> On November 22, 2016, at approximately 12:00 p.m., [c]laimant, Luzi Bartsch, was walking on Pulaski Street, Newark, New Jersey, when she tripped due to an obstruction on and/or condition of the sidewalk causing her to fall to the ground sustaining permanent and severe injuries.  Upon information and belief, the entities referenced herein owned, maintained, and/or controlled the location where the incident occurred and/or directed and/or oversaw the individuals who were responsible to maintain the condition at said location where the incident occurred.

Less than two weeks later, the City sent plaintiff its specialized notice of claim form pursuant to N.J.S.A. 59:8-6 requesting plaintiff describe "in detail and with specificity" all information plaintiff had "at the time of the filing of the claim."  Plaintiff returned the form, providing "Pulaski Street, Newark, New Jersey" in response to "[e]xact location of the occurrence."  Plaintiff did not answer the question asking for a diagram of the exact location.  In response to a question asking for a description of the accident, plaintiff repeated the information in her notice of claim.  Plaintiff did not claim lost wages or identify her employer or any witnesses.

---

leave to appeal to this court.  Therefore, we do not consider the school defendants' arguments, as there is no order or final judgment before us to review.  See R. 2:2-3(b).

A-0489-18T1

The City sent a letter to plaintiff the following day by certified mail, requesting "[t]he exact location of the accident on Pulaski Street, such as the nearest building address and cross streets and/or closest intersection," and "[p]hotographs showing the exact location of the alleged incident" as well as other information. Plaintiff did not respond.

A year later, plaintiff filed a complaint alleging she tripped and fell due to a dangerous condition of the sidewalk while walking on Pulaski Street in Newark. She stated she was an employee of the Newark Public School system.

The City moved to dismiss the complaint under Rule 4:6-2(e). Plaintiff did not oppose the motion but instead wrote a letter to the City, responding to its request for more information made more than a year earlier. The March 5, 2018 letter advised the "incident occurred near the intersection of Pulaski Street and Warwick." It included a CD of photographs of the object on which plaintiff had tripped, taken on the day it occurred.

The judge denied the City's unopposed motion, stating on the March 16, 2018 order: "The Tort Claims Notice, which was timely filed, provided . . . sufficient detail as to the nature of the claim, the location of the fall, and the identities of the plaintiff's treating physicians to withstand dismissal."

During this same timeframe, defendant State of New Jersey moved to

4

dismiss plaintiff's complaint for failure to comply with the Act. In a March 19, 2018 letter opposing the motion, plaintiff stated she was an employee of East Side High School in Newark and she had fallen outside of the high school on Pulaski Street due to a defective condition on the sidewalk.[2] Because the City was copied on the letter, it learned indirectly, for the first time, the specific location of the incident. The details of the exact location were not provided in the initial notice of claim, the specialized claim form responses or plaintiff's March 5 letter.

The City moved for reconsideration of the trial court's order. Plaintiff opposed the motion, but advised the court that, if so ordered, she would provide the City of Newark with the same information the court required her to provide to the State, "the exact location of plaintiff's fall and the nature of the defect in the sidewalk."

The judge denied the motion in an order, stating: "Defendant fails to demonstrate that the court's prior decision was arbitrary, capricious or unreasonable. Furthermore, it fails to demonstrate that the court's decision was

_____

[2] Despite the information provided in plaintiff's opposition to the State's motion, the same judge ordered plaintiff to "provide a more definitive statement of claims pursuant to R. 4:6-4(a) . . . stating the exact location of her fall and the nature of the defect in the s[]idewalk."

A-0489-18T1

palpably incorrect or that the court did not consider competent evidence."

Discovery then ensued. In plaintiff's answers to interrogatories, she wrote: "On or about November 22, 2016, [p]laintiff Luzi Bartsch tripped on a bottom part of a street sign that had been partially removed on the sidewalk adjacent to East Side High School on Pulaski Street in Newark, New Jersey. Plaintiff provided photos of the alleged location and the damaged signpost, with a ruler in the photos measuring the height of the post. Plaintiff identified a coworker as a witness and alleged a lost wage claim.

The City moved again for reconsideration of its motion to dismiss, arguing that at the time of filing the notice of claim, plaintiff knew the exact location of the accident and had taken photographs of the broken signpost, which were not provided to the City despite several requests. A different judge heard the motion. He indicated that although he disagreed with his colleague's prior determination that plaintiff complied with the Act, he felt bound by that ruling as the law of the case. We granted the City's motion for leave to appeal the trial court's orders.

On appeal, the City reasserts its argument that plaintiff failed to provide the details of her accident as required under N.J.S.A. 59:8-4. Plaintiff contends she complied with the statutory requirements or, in the alternative, substantially

complied.

We review a motion to dismiss a complaint de novo under Rule 4:6-2, using "the same standard applied by the trial court; thus, considering and accepting as true the facts alleged in the complaint, we determine whether they set forth a claim upon which relief can be granted." Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) (citing Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005)).

A person asserting an injury caused by a public entity must present the public entity with a notice of claim within ninety days after the cause of action accrues. See N.J.S.A. 59:8-8. The notice of claim is intended:

> (1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense; (3) to afford the public entity a chance to correct the conditions or practices which gave rise to the claim; and (4) to inform the State in advance as to the indebtedness or liability that it may be expected to meet.
>
> [Velez v. City of Jersey City, 180 N.J. 284, 290 (2004) (quoting Beauchamp v. Amedio, 164 N.J. 111, 121-22 (2000)).]

Therefore, the notice must include certain details enumerated in the statutory provision, including "[t]he date, place and other circumstances of the occurrence

7

or transaction which gave rise to the claim asserted" and "[a] general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim."  N.J.S.A. 59:8-4(c) to (d).

The statute also permits a public entity to request additional information through a specialized claim form.  See N.J.S.A. 59:8-6.  "[A] plain reading of N.J.S.A. 59:8-6 shows that the additional information which a public entity is permitted to demand in its notice of claim form is not limited to the categories of information listed in that section."  Wood v. Cty. of Burlington, 302 N.J. Super. 371, 377 (App. Div. 1997).  The public entity retains "authority to decide for [itself] what information must be provided by claimants."  Ibid.  This interpretation is consistent with the purpose of "assur[ing] the fair and full disclosure of information necessary to the orderly and expedient administrative disposition of claims."  Id. at 378 (alteration in original) (quoting New Jersey Civil Code Annotated, cmt. on N.J.S.A. 59:8-6).

"Once a public entity adopts a personalized notice of claim form pursuant to N.J.S.A. 59:8-6, which requires information that is more detailed than is otherwise required, it is incumbent upon a claimant to provide the information requested in the form."  Ibid. (quoting Navarro v. Rodriguez, 202 N.J. Super. 520, 529 (Law Div. 1984)).  "Mere compliance with N.J.S.A. 59:8-4 cannot save

a notice of claim which does not also substantially comply with N.J.S.A. 59:8-6." Ibid. In Wood, we held the "[p]laintiffs were under a statutory duty to obtain and provide" the information required by the township's specialized claim form, and the "[p]laintiffs' failure to do so plainly violated the letter and spirit of N.J.S.A. 59:8-6." Ibid.

Here, in response to the "DATE, PLACE AND CIRCUMSTANCES OF THE OCCURENCE" question, plaintiff's notice of claim stated: "On November 22, 2016, at approximately 12:00 p.m., [c]laimant, Luzi Bartsch, was walking on Pulaski Street, Newark, New Jersey, when she tripped due to an obstruction on and/or condition of the sidewalk causing her to fall to the ground sustaining permanent and severe injuries."

This response was insufficient to allow defendants to "adequately investigate the facts and prepare a defense." Velez, 180 N.J. at 290. Pulaski Street is eleven blocks long. Plaintiff provided no information as to where on the street she fell, nor what caused her to trip and fall. As a result, the City sent plaintiff its specialized notice of claim form, requesting her to describe "in detail and with specificity" all information plaintiff had "at the time of the filing of the claim," including the "[e]xact location of the occurrence." Although plaintiff

9

was statutorily required to provide the information requested in the specialized form, she again failed to do so.

Plaintiff returned the form, again providing "Pulaski Street, Newark, New Jersey" above "[e]xact location of the occurrence," and leaving blank the question asking for a diagram of the exact location. Plaintiff did not identify any witnesses or her employer. Even after the City sent a follow-up letter specifically requesting "[t]he exact location of the accident on Pulaski Street, such as the nearest building address and cross streets and/or closest intersection," plaintiff did not respond.

It cannot be disputed that plaintiff knew exactly where she fell, and what caused her to fall. As disclosed in her answers to interrogatories, plaintiff fell on the sidewalk on Pulaski Street right in front of the high school where she worked. She possessed photographs of the broken signpost over which she tripped. The lack of information in the initial notice of claim and plaintiff's noncompliance with the City's specialized claim form prevented the City from investigating the incident or preparing a defense, and deprived it of the opportunity to correct the condition. In other words, plaintiff defeated the Act's purpose of "assur[ing] the fair and full disclosure of information necessary to

A-0489-18T1

the orderly and expedient administrative disposition of claims." See Wood, 302 N.J. Super. at 378 (quoting cmt. on N.J.S.A. 59:8-6).

We are unpersuaded by plaintiff's assertion that she substantially complied with the Act's notice requirements. As our Supreme Court has noted, the doctrine of substantial compliance is "limited carefully to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 159 (2013).

For the reasons stated, we cannot agree plaintiff substantially complied with the Act's requirements. Despite knowing she fell on a broken signpost in a specific spot on the sidewalk in front of her workplace, plaintiff only advised the City she had fallen somewhere on an eleven-block-long street because of a defective condition. This response does not constitute a "technical deficiency."

Plaintiff also argues she provided information to the City in a reasonable timeframe when she replied to the City's January 2017 request for information over a year later, in March 2018. We find plaintiff's reliance on language in Newberry v. Township of Pemberton, 319 N.J. Super. 671 (App. Div. 1999) to be misplaced. There, we found it unreasonable that the plaintiff did not disclose the cause of her accident until six months after the event. Id. at 680. Here,

fourteen months passed between the time of plaintiff's fall and her disclosure of detailed information concerning it. In the interim, plaintiff had filed her lawsuit and motion practice had taken place. As we stated in Newberry, "[t]hat information came . . . too late." Ibid.

We reverse the trial court's orders denying the City's motion to dismiss the complaint and denying reconsideration of the order, and remand for entry of judgment in favor of the City. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0489-18T1