**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4859-18

MICHAEL J. KELSEY,

     Plaintiff-Appellant,

v.

TOWNSHIP OF EAST
HANOVER, NJ,

     Defendant-Respondent.

_____

Submitted January 11, 2021 – Decided April 21, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0564-19.

Michael J. Kelsey, appellant pro se.

Durkin and Durkin, LLC, attorneys for respondent (Gregory Francis Kotchick, of counsel and on the brief).

PER CURIAM

Plaintiff, Michael J. Kelsey, appeals from an April 15, 2019 order denying his motion to file a late tort claim against defendant, Township of East Hanover (Township). He also appeals from a May 31, 2019 order denying his motion for reconsideration. After reviewing the record in light of the applicable legal principles, we affirm substantially for the reasons set forth in the written decision rendered by Judge William J. McGovern, III., denying plaintiff's initial motion and the judge's oral decision denying plaintiff's motion for reconsideration.

This appeal arises from plaintiff's claim that as a result of a snowstorm on March 7–8, 2018, trees located on land owned by the Township fell and damaged plaintiff's adjacent property about one week later, around March 12 or 13, 2018. Plaintiff contends that he and his assistant orally advised the Township about the damage shortly thereafter. Plaintiff did not, however, send a written notice of tort claim to the Township within the ninety-day deadline prescribed by N.J.S.A. 59:8-8. On March 12, 2019, plaintiff filed a motion to file a late notice of claim. In denying that motion, Judge McGovern determined that the affidavit in support of the application "fail[ed] to describe exactly what happened, where, and when; only that claimant verbally 'notified' the Township on [March 13,

2018] but this is inadequate factually. It is impossible to discern from [plaintiff]'s papers when the claim accrued."[1]

On May 6, 2019, plaintiff filed a motion for reconsideration. In support of that motion, plaintiff offered additional information that had not been provided at the time he filed his initial motion. After oral argument, Judge McGovern noted that "[plaintiff's] motion for reconsideration advances additional and extensive new information that the [c]ourt did not have at its disposal upon the original motion . . . which was in the possession of [defendant] . . . when he filed his original application; but he didn't include it." The judge concluded this new information was improperly presented.

Over the Township's objection, Judge McGovern ruled that the damage to plaintiff's property occurred on March 13, 2018 and that plaintiff therefore filed the motion for leave to file a late notice of claim one day before the expiration of the one-year deadline for such applications. However, Judge McGovern also determined that plaintiff failed to establish extraordinary circumstances for the

---

[1] At the motion hearing, the Township contended that the damage accrued as of the snowstorm on March 7–8, 2018, thus rendering plaintiff's March 12, 2018 motion for leave to file a late notice of claim fatally noncompliant with the one-year deadline imposed under N.J.S.A. 59:8-9. The Township renews this contention on appeal. Because we affirm Judge McGovern's decision on the merits, we need not address this issue further.

A-4859-18

late filing or otherwise demonstrate that the Township has not been substantially prejudiced by the delay in filing a notice of claim. Accordingly, the judge denied plaintiff's motion for reconsideration.

I.

We begin our analysis by acknowledging the legal principles applicable to this appeal. Claims against a public entity for damages are governed by the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -14. The TCA defines the extent of the Legislature's waiver of sovereign immunity and "establishes the procedures by which claims may be brought[.]" Beauchamp v. Amedio, 164 N.J. 111, 116 (2000). Pursuant to the TCA, any plaintiff bringing a tort suit against a public entity must file a pre-suit notification of the claim in writing within ninety days of the accrual of the action or else be "forever barred" from asserting that cause of action. Guzman v. City of Perth Amboy, 214 N.J. Super. 167 (App. Div. 1986). "The rationale underlying the notice requirement of the Act is to expedite investigation with the hope of reaching a nonjudicial settlement and to allow the public entity prompt access to information about the claim so that it may prepare a defense." Wood v. Cnty of Burlington, 302 N.J. Super. 371, 375 (App. Div. 1997) (quoting Pilonero v. Twp. of Old Bridge, 236 N.J. Super. 529, 533 (App. Div. 1989)). Oral notice cannot satisfy this obligation. See Velez v. City of

Jersey City, 358 N.J. Super. 224, 238 (App. Div. 2003). "Oral notice, even where it contains the elements required by N.J.S.A. 59:8-4, does not constitute substantial compliance." Ibid. (citing Anske v. Borough of Palisades Park, 139 N.J. Super. 342, 348 (App. Div. 1976)).

The TCA permits late filing only under limited circumstances. N.J.S.A. 59:8-9 provides that:

> A claimant who fails to file notice of his claim within the [ninety] days as provided by section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity . . . has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed in section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter[.]

Leave to file a late notice of claim must be sought within a reasonable period of time after the abatement of whatever conditions necessitated late filing in the first place. See Wood, 302 N.J. Super. at 380 (unexplained nine-month delay in filing motion for leave to file late notice contributed to denial of motion which was brought at the end of the one-year period).

5

A-4859-18

The scope of appellate review is narrow. "The [trial judge] has discretion to grant or deny permission to file a late notice of claim within the one-year period, and the decision 'will be sustained on appeal in the absence of a showing of an abuse thereof.'" O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997) (quoting Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 146 (1988)).

Motions for reconsideration are governed by Rule 4:49-2, which states in relevant part that, "[t]he motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred[.]" A motion for reconsideration provides the court—not the litigant—with an opportunity to take the proverbial "second bite at the apple" to correct errors inherent in a prior ruling. Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015).

"Reconsideration cannot be used to expand the record and reargue a motion," but "is only to point out 'the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred.'" Capital Fin. Co. of Del. Valley Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (quoting R. 4:49-2). Importantly for purposes of this appeal,

reconsideration cannot be the vehicle to introduce new information in order to cure an inadequacy in the motion record. See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).

Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court[.]" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, it is reserved for "cases which fall into that narrow corridor" where the prior decision was "based upon a palpably incorrect or irrational basis" or the court failed to consider or appreciate "probative, competent evidence," or where "a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)) (emphasis added).

Reconsideration "is a matter within the sound discretion of the [judge], to be exercised in the interest of justice." D'Atria, 242 N.J. Super. at 401. Accordingly, we will not disturb a trial judge's denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). An "abuse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554,

7

572 (2005)), and occurs when the trial judge's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis[.]" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

## II.

Judge McGovern denied plaintiff's original motion because plaintiff failed to set forth sufficient facts describing the incident, when the claim accrued, and the extraordinary circumstances explaining plaintiff's inability to timely file a notice of claim. Judge McGovern emphasized there was "no adequate certification or affidavit as to why there was a delay in filing the application," and that plaintiff failed "to describe exactly what happened with the who, what, when, and where," that is, "the details . . . factually as to what occurred within the knowledge of the claimant so that the court could make an informed decision."

Plaintiff asserts that he is a "disabled individual, which prevented [him] from filing the Notice of Tort Claim . . . due to said on-going disabilities that are extraordinary circumstances, which are beyond [his] control." A known physical or mental condition can qualify as an extraordinary circumstance, but

only if the medical or emotional condition is "severe, debilitating or uncommon." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 149–152 (2013). The Supreme Court explained that when determining whether such disability constitutes extraordinary circumstances to justify a late notice of claim, "[the judge]'s focus must be directed to the evidence that relates to plaintiff's circumstances as they were during the ninety-day time period, because that is the time during which the notice should have been filed." Id. at 151. The D.D. Court rejected the plaintiff's claim in that case, noting that "[the plaintiff's] certification [was] vague about the timing of her medical and emotional complaints," the doctor's note submitted in support was "not tied to the relevant time frame," and that there was no "evidence in the record that plaintiff was prevented from acting to pursue her complaint or that her ability to do so was in any way impeded by her medical and emotional state." Ibid. The Court thus concluded that the plaintiff had failed to show an inability to properly file, but rather had demonstrated diligence in her efforts in pursuing her claim. Ibid.

In the matter before us, the record shows Judge McGovern was appropriately mindful that plaintiff suffered from health issues for which he was receiving treatment. The judge nonetheless determined that the information plaintiff provided from health care professionals regarding his disability failed

to establish that he was incapable of timely filing within the ninety-day period. To the contrary, the gravamen of plaintiff's argument on reconsideration was that he was diligent in following up with employees of the Township Department of Public Works regarding his claim, thus demonstrating his health issues did not preclude him from filing a written notice of tort claim. Judge McGovern found, as in D.D., plaintiff's disability was not specifically tied to the ninety-day window and that his efforts demonstrated his attention to the matter. Id. at 151. Judge McGovern added that plaintiff employed an assistant responsible for handling his administrative matters. Plaintiff's assistant contacted Township employees about the claim numerous times during the ninety-day window and thus was capable of assisting in filing a written notice of tort claim within the ninety-day period.

Plaintiff also claims Township employees misled him regarding the statutory requirement to file a written notice of claim. Specifically, plaintiff asserts his assistant verbally informed the Township of his desire to file a notice of tort claim but that employees told the assistant that "there was no need to file an actual tort claim form with the town, as the town was already notified and

aware of the damage."[2]  Plaintiff further asserts his assistant "contacted . . . [a Township employee] in person and via telephone numerous times" and spoke with employees of the Department of Public Works, Town Hall, and the Clerk's office, who never informed plaintiff that a tort claim needed to be filed.  Plaintiff also contends the Township failed to provide a tort claim form until March 11, 2019, after the ninety-day deadline expired.  The Court in D.D. addressed a similar claim alleging that the defendants in that case "failed to alert [the plaintiff] to the statutory filing requirements," and concluded "[it could] find no basis on which to read into the statute any requirement that the plaintiff be advised of the technical requirements for pursuing a claim."  D.D., 213 N.J. at 156.  Moreover, plaintiff alleges that these conversations took place before he filed his initial motion; as such, they should have been properly asserted in support of that motion instead of on reconsideration.  See Cummings, 295 N.J. Super. at 384.

---

[2]  It is not clear from plaintiff's submissions whether he is arguing on appeal that oral notice to the Township was sufficient.  We note that the TCA clearly provides that notice in writing is required even when oral notice has been provided.  See N.J.S.A. 59:8-4; see also Velez, 358 N.J. Super. at 238 (noting that oral notice does not constitute substantial compliance); In re Roy, 142 N.J. Super. 594, 601 (App. Div. 1976) (holding that an argument that notice given during an oral conversation constituted substantial compliance is "without merit").

We conclude that Judge McGovern did not rest his decision upon a palpably incorrect or irrational basis, nor did he fail to consider or appreciate the significance of probative, competent evidence. Rather, the judge acted well within the ambit of his discretion in denying the initial motion for leave to file a late notice of claim and thereafter in denying plaintiff's motion for reconsideration. In denying the reconsideration motion, Judge McGovern properly rejected plaintiff's belated attempt to cure his original motion's deficiencies by including additional information that could have and should have been provided at the outset. We agree with Judge McGovern that the procedural requirements of the TCA are not relaxed because a litigant is self-represented. See Rosenblum v. Borough of Closter, 285 N.J. Super. 230, 241 (App. Div. 1995) ("Procedural rules are not abrogated or abridged by plaintiff's pro se status.").

Finally, plaintiff contends Judge McGovern abused his discretion because he "provided no written findings or opinions. . . for the [May 31, 2019] order[.]" We disagree and note that Judge McGovern acted well within his discretion by providing a statement of reasons on the record at the conclusion of the May 31, 2019 oral argument. See R. 1:7-4(a) (providing that a trial judge "shall, by an

12

opinion or memorandum decision, <u>either written or oral</u>, find the facts and state its conclusions of law thereon . . . .") (emphasis added).

To the extent we have not addressed them, any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4859-18