742 A.2d 540

LYUDMILA BLANK, PLAINTIFF–RESPONDENT, v. CITY OF ELIZ-
ABETH AND CITY OF ELIZABETH WATER & SEWER UTILI-
TY, DEFENDANTS–APPELLANTS, AND MICHAEL AND BET-
SY FABRICANT, DEFENDANTS.

Argued November 8, 1999—Decided December 15, 1999.

*Robert F. Varady* argued the cause for appellants (*La Corte,
Bundy & Varady,* attorneys; *Mr. Varady* and *Christopher J.
Kinsella,* on the briefs).

*Wm. Nicholas Chango, Jr.,* argued the cause for respondent
(*Frank P. Beninato, Jr.,* attorney; *Mr. Beninato,* on the brief).

PER CURIAM.

This appeal as of right, *R.* 2:2–1(a), concerns a claim asserted under the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 to 12–3. Because plaintiff failed to present notice of her claim against the public entity defendants within ninety days after accrual of her cause of action, see *N.J.S.A.* 59:8–8, her counsel moved pursuant to *N.J.S.A.* 59:8–9 for leave to file a late notice of claim. The Law Division granted the motion. The Appellate Division reversed, concluding that plaintiff failed to demonstrate sufficient reasons constituting "extraordinary circumstances" that justified the grant of permission to file a late notice of claim. *Blank v. City of Elizabeth,* 318 *N.J.Super.* 106, 110–11, 723 *A.*2d 75 (1999). Nevertheless, despite what it characterized as a perfunctory application and a record "more notable for the information omitted than the information provided," *id.* at 109, 723 *A.*2d 75, the Appellate Division remanded the matter to the Law Division to permit plaintiff to make the requisite showing of extraordinary circumstances. *Id.* at 115, 723 *A.*2d 75. The court based its determination to remand on its impression that even the inadequate record presented to the Law Division was "strongly suggestive" of the existence of an extraordinary circumstance. *Id.* at 113, 723 *A.*2d 75. The panel's dissenting member agreed that the Law Division's disposition should be reversed, but concluded that a remand was inappropriate because in his view "neither plaintiff's language barrier nor counsel's failure to investigate comprise 'extraordinary circumstances' under *N.J.S.A.* 59:8–9." *Id.* at 120, 723 *A.*2d 75 (Kleiner, J., dissenting).

I

The underlying facts excerpted from the majority opinion below provide a context for our disposition:

> According to this meager record, plaintiff, a non-English speaking, sixty-one year old Russian immigrant, sustained serious injuries on February 27, 1997, when she tripped over a pipe protruding from the sidewalk abutting residential premises owned by defendants Michael and Betsy Fabricant. She retained counsel on April 1, 1997, after an office visit with an attorney conducted with the assistance .of an

interpreter. Counsel sent a notice of claim to the Fabricants, who turned it over to their homeowner's insurance carrier, Allstate Insurance Company. Apparently, a complaint was also filed against the Fabricants although we are not favored with a copy in this woefully inadequate record on appeal. In any event, according to counsel's certification filed in support of this motion, he was advised by Allstate on November 17, 1997, that the offending pipe belonged to Elizabeth. This motion for leave to file a late claim pursuant to *N.J.S.A.* 59:8–9 was filed less than a month later.

In his certification in support of the late-notice motion, counsel asserted that it had been his understanding that the pipe "was a pipe that was sticking through a sidewalk on the premises and had nothing to do with a public entity. This was partly because ... of the plaintiff's inability to speak English and the use of a translator." He went on to recite that his first notice of public-entity involvement was his receipt from Allstate in November of "a copy of their investigation" indicating that the pipe was a "City water pipe and not a pipe that was furnished or installed by Michael and Betsy Fabricant." Counsel then asserted that "none of the information referred to in this investigation could have been concluded within the time provided by the requirements for 90 day notice under the Tort Claim [sic] Act."

Plaintiff's motion is more notable for the information omitted than the information provided. Allstate's investigation report was not included. No photograph of the site was furnished. No description of the pipe was provided describing either its physical characteristics or its location. No information was forthcoming as to counsel's own investigatory actions, if any. Nothing in the motion record provided a basis on which a court could conclude that the appearance or location of the pipe actually did or should have placed plaintiff on notice that it was a public utility pipe. Nothing in the record permitted a court to discern the nature or complexity of the investigation required to ascertain the pipe's purpose, function or ownership, and whether the question of ownership was reasonably discernable during the ninety-day period. And nothing in the answering brief filed by Elizabeth provides any further clues to these essential matters.

[*Id.* at 108–09, 723 *A.*2d 75.]

At oral argument before us, some added light was shed on the nature of the "pipe" that caused plaintiff's injuries. Plaintiff's counsel apparently had assumed initially, based on the interpreter's translation of plaintiff's account of the incident, that the pipe was part of a railing that extended up through the sidewalk in front of the Fabricant's house. During argument, however, counsel informed this Court that the so-called "pipe" was in fact a round, metal shut-off valve protruding above the sidewalk that, on visual inspection, readily would have been identified as an appurtenance of a water supply system. That description suggests that an inspection of the area within a reasonable time following the

accident would have led promptly to the identification of the public entity defendants that were responsible for installation and maintenance of the shut-off valve.

Our present sense of the record, as supplemented by oral argument, persuades us that no useful purpose would be served by remanding the matter to the Law Division. Accordingly, we affirm the Appellate Division's disposition to the extent that it reversed the Law Division's grant of permission to file a late notice of claim, but modify that disposition to preclude a remand to the Law Division for a further presentation of evidence to demonstrate extraordinary circumstances justifying a late notice of claim.

*For affirmance and modification*—Chief Justice PORITZ and Justices O'HERN, GARIBALDI, STEIN, COLEMAN and LONG—6.

*Opposed*—None.