**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3276-19

KATRINA E. BROWN,

     Plaintiff-Appellant,

v.

CITY OF JERSEY CITY and
JERSEY CITY DEPARTMENT
OF PUBLIC WORKS,

     Defendants-Respondents,

and

COUNTY OF HUDSON and
STATE OF NEW JERSEY,

     Defendants.

_____

Argued May 20, 2021 – Decided June 8, 2021

Before Judges Yannotti and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0753-20.

Michael J. Confusione argued the cause for appellant (Hegge & Confusione, LLC and McManus Ateshoglou

Aiello & Apostolakos PLLC, attorneys; Michael J. Confusione and Nicholas K. Neonakis, of counsel and on the briefs).

Brittany M. Murray, Assistant Corporation Counsel, argued the cause for respondents (Peter J. Baker, Corporation Counsel, attorney; Brittany M. Murray, on the brief).

PER CURIAM

Plaintiff Katrina E. Brown challenges a March 13, 2020 Law Division order denying her motion to file a late notice of claim against defendants City of Jersey City, Jersey City Department of Public Works, County of Hudson, and the State of New Jersey under the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -14. We affirm.

I.

In evaluating the issues raised on appeal, we have assumed all facts alleged by plaintiff to be true and have given her the benefit of all inferences from the motion record. Feinberg v. N.J. Dep't of Env't Prot., 137 N.J. 126, 129 (1994). On September 6, 2019, plaintiff tripped on uneven pavement located on an "island" or "plaza" near the entrance of the Jersey City Grove Street Port Authority Trans-Hudson (PATH) station and fractured her right wrist. Plaintiff was transported to Jersey City Medical Center where she underwent emergency surgery. On September 7, 2019, she completed a Port Authority of New York

and New Jersey (Port Authority) "aided report" detailing the incident which indicated that she was "walking on the sidewalk outside the Grove [Street] Path Station" when she "tripped on a piece of uneven sidewalk." The aided report also indicated that the exact location of the accident was the northeast sidewalk on Columbus and Grove Streets and that this was not Port Authority property.

The parties do not dispute that plaintiff's claims accrued when she was injured on September 6, 2019. On October 23, 2019, plaintiff filed a notice of claim with the Port Authority, who confirmed it was undertaking an investigation of the incident. On January 29, 2020, the Port Authority denied responsibility for the accident and explained to plaintiff that her fall "was not caused by any negligence on the part of the [Port Authority]," and it did not "own, operate or maintain the location of the incident."

Under the TCA, plaintiff had until December 5, 2019 to file a notice of claim against defendants. On February 21, 2020, approximately five months after the accrual of her claim, plaintiff filed a motion seeking leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9 against defendants arguing extraordinary circumstances existed, thereby excusing her failure to file a timely notice. Plaintiff also requested oral argument in the event defendants filed opposition in accordance with Rule 1:6-2(d).

In his accompanying certification in support of the application, plaintiff's counsel stated that plaintiff "reasonably believed that the proper party responsible for maintaining the [p]remises where the [a]ccident occurred was the [Port Authority]." Counsel further certified that plaintiff "did not have any reason to know or suspect any other parties may be responsible for maintaining the [p]remises." He also explained that he forwarded two settlement packages to the Port Authority and claimed that throughout these "negotiations," the Port Authority never informed plaintiff that they were not the owners of the "subject premises."

Plaintiff submitted an affidavit stating she retained counsel on September 10, 2019. Plaintiff explained her belief that the accident was "caused by the negligence, carelessness and recklessness" of the Port Authority. Plaintiff also stated she received a copy of the aided report on November 16, 2019 within the relevant ninety-day period and forwarded it to her attorneys. She further noted that on October 3, 2019, she met with George Gianforcaro, an expert retained by her counsel, to perform an inspection of the area where the accident occurred.

On October 22, 2019, Gianforcaro submitted a report to plaintiff's counsel detailing his findings. The report "outline[d] the dangerous, hazardous and palpably unreasonable conditions that existed with the improper [c]onstruction

and the improper [m]aintenance of the [p]ublic [s]idewalk located at the Grove Street Station." The report generically identified the culpable party as the property owner and/or agent of the premises where the accident occurred.

On March 13, 2020, without entertaining oral arguments, the court issued an order denying plaintiff's motion. In support of its decision, the court stated:

> [Plaintiff] has failed to set forth any facts that would establish extraordinary circumstances as required. Specifically, insufficient reasons that fail to constitute extraordinary circumstances. Plaintiff hired a law firm within the first week of her accident and the firm hired an expert investigator and there appears to have been no pre-suit investigation of the ownership/control of the area. This lack of diligence belies extraordinary circumstances.

On appeal, plaintiff contends the court erred in denying her late notice of claim because she was unaware of who owned the premises where she fell. Plaintiff also relies on several cases including Lowe v. Zarghami, 158 N.J. 606 (1999), and Ventola v. New Jersey Veteran's Memorial Hospital, 164 N.J. 74 (2000), in support of her argument that the factual circumstances surrounding her diligence in obtaining counsel, and her counsel's: 1) timely filing of a notice of claim against the Port Authority and participation in pre-suit settlement discussions; 2) retention of an expert; and 3) prompt filing of an application to permit the filing of a late notice of claim after she was notified that Port

5

Authority was not a proper defendant, constitute extraordinary circumstances warranting the filing of a late notice of claim as permitted by N.J.S.A. 59:8-9.

Plaintiff also maintains defendants failed to submit competent proofs evidencing that they would be substantially prejudiced by the late notice. Finally, she contends that the court erred in failing to hold oral arguments under Rule 1:6-2(d), and requests a remand for consideration of her claim by a different Law Division judge.

We disagree with all of plaintiff's substantive arguments. We also conclude that although the court erred in failing to schedule and consider the parties' oral arguments, that error does not warrant reversal of the March 13, 2020 order, or a remand for further proceedings to a different judge, as the motion record indisputably established that plaintiff failed to establish extraordinary circumstances warranting the filing of a late notice.

## II.

We review the denial of a motion to file a late notice of claim under an abuse of discretion standard. McDade v. Siazon, 208 N.J. 463, 476-77 (2011). This discretion, however, "is limited to cases in which the claimant's affidavit shows sufficient reasons constituting extraordinary circumstances for the delay and there is no substantial prejudice to the public entity." Leidy v. Cnty. of

A-3276-19

Ocean, 398 N.J. Super. 449, 456 (App. Div. 2008) (citations and internal quotations omitted).

Claims against a public entity for damages are governed by the TCA which defines the extent of the Legislature's waiver of sovereign immunity and "establishes the procedures by which claims may be brought." Beauchamp v. Amedio, 164 N.J. 111, 116 (2000). Pursuant to the TCA, any plaintiff bringing a tort suit against a public entity must file a pre-suit notification of the claim in writing within ninety days of the accrual of the action or else be forever barred from asserting that cause of action. Guzman v. City of Perth Amboy, 214 N.J. Super. 167, 171 (App. Div. 1986). "The rationale underlying the notice requirement of the [TCA] is to expedite investigation with the hope of reaching a nonjudicial settlement and to allow the public entity prompt access to information about the claim so that it may prepare a defense." Wood v. Cnty. of Burlington, 302 N.J. Super. 371, 375 (App. Div. 1997) (quoting Pilonero v. Twp. of Old Bridge, 236 N.J. Super. 529, 533 (App. Div. 1989)).

The TCA permits late filing only under limited circumstances. N.J.S.A. 59:8-9 provides that:

> A claimant who fails to file notice of his claim within
> [ninety] days as provided in section 59:8-8 of this act,
> may, in the discretion of a judge of the Superior Court,
> be permitted to file such notice at any time within one

year after the accrual of his claim provided that the public entity . . . has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter.

"Generally, we examine 'more carefully cases in which permission to file a late claim has been denied than those in which it has been granted, to the end that wherever possible cases may be heard on their merits . . . .'" Lowe, 158 N.J. at 629 (quoting Feinberg, 137 N.J. at 134). Therefore, "any doubts" as to whether extraordinary circumstances exist "should be resolved in favor of the application." Ibid. (quoting Feinberg, 137 N.J. at 134).

The TCA does not define what constitutes "extraordinary circumstances," leaving "for a case-by-case determination . . . whether the reasons given rise to the level of 'extraordinary' on the facts presented." Lowe, 158 N.J. at 626 (citations and internal quotations omitted)." Moreover, "[i]n determining whether extraordinary circumstances exist, 'a judge must consider the collective impact of the circumstances offered as reasons for the delay.'" Mendez v. S.

8

Jersey Transp. Auth., 416 N.J. Super. 525, 533 (App. Div. 2010) (quoting R.L. v. State-Operated Sch. Dist., 387 N.J. Super. 331, 341 (App. Div. 2006)).

In Blank v. City of Elizabeth, 162 N.J. 150, 152-53 (1999), our Supreme Court found an absence of extraordinary circumstances where "an inspection of the area within a reasonable time following the accident would have led promptly to the identification of the public entity defendants." Similarly, in Leidy, we held that extraordinary circumstances did not exist where "the record [was] barren of any reasonable efforts undertaken by plaintiff during the ninety-day period to ascertain ownership, control or operation" of the property at issue. 398 N.J. Super. at 461.

Further, "[p]ost-1994 amendment cases, utilizing the more demanding 'extraordinary circumstances' test, continued to insist that the identity of the proper party be 'obscured' as a condition of relaxing the time bar of N.J.S.A. 59:8-8." Id. at 458. "[W]here discovering the identity of a responsible party is not thwarted by the original defendants, the issue becomes 'whether plaintiff was diligent and made reasonable efforts to discover the identity of the true tortfeasor.'" Mendez, 416 N.J. Super. at 533 (quoting Leidy, 398 N.J. Super. at 461).

In addition, a late notice of claim is not permitted where the public entity will be substantially prejudiced. However, "it is the public entity that has the burden of coming forward and of persuasion on the question of [substantial] prejudice." Blank v. City of Elizabeth, 318 N.J. Super. 106, 114 (App. Div. 1999). "The fact of delay alone does not give rise to the assumption of prejudice; the public entity must present a factual basis for the claim of substantial prejudice." Mendez, 416 N.J. Super. at 535-36 (citing Kleinke v. City of Ocean City, 147 N.J. Super. 575, 581 (App. Div. 1977)).

"Substantial prejudice must be shown by 'specificity and not by general allegation . . . .'" Id. at 536 (quoting Blank, 318 N.J. Super. at 115). A contention of a defendant being "totally unaware of the accident" and having "lost a critical opportunity to engage in timely investigation" is insufficient to constitute the substantial prejudice requirement under N.J.S.A. 59:8-9. Id. at 535. Substantial prejudice "[g]enerally . . . implies the loss of witnesses, the loss of evidence, fading memories, and the like." Blank, 318 N.J. Super. at 115.

Upon consideration of the aforementioned legal principles against the record before us, we conclude that the court correctly determined that plaintiff failed to establish extraordinary circumstances justifying her late tort claim notice. Although plaintiff submitted an affidavit as required by N.J.S.A. 59:8-

10

9, she did not satisfactorily address any efforts she made to determine who owned, controlled, or operated the area where she fell. Rather, she simply asserted that she obtained counsel and "believe[d] that [her] accident was caused by the negligence, carelessness and recklessness of [the Port Authority]." Nor did plaintiff assert her injuries were so "severe or debilitating" that they had a "consequential impact" on her ability to pursue redress and attend to the filing of a claim." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 149-50 (2013).

Similarly, plaintiff's counsel failed to describe any investigatory efforts undertaken to determine who owned, operated, or controlled the island or plaza near the PATH station where plaintiff sustained her injuries. See Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 153 (1988) (accepting "affidavits submitted by the plaintiffs' attorneys [that] described the investigations they undertook in order to identify the cause of action and the public entities involved"). Instead, counsel merely attested that "based on falling immediately after exiting the aforesaid PATH Station, [plaintiff] reasonably believed that the proper party responsible for maintaining the [p]remises where the [a]ccident occurred was the [Port Authority]." Gianforcaro's expert report offered an opinion related to liability as a result of the "unreasonable conditions" of the

"public sidewalk," but he did not address who owned or controlled the area where plaintiff fell.

Thus, we reject plaintiff's claim that her preliminary actions in preparing for litigation prior to the Port Authority's denial of her claim constituted extraordinary circumstances, as those steps do not include an explanation, supported by competent evidence as required by <u>Rule</u> 1:6-6, detailing the efforts she or her counsel made during the relevant ninety-day period from September 6, 2019 to December 5, 2019, to ascertain who owned, controlled, or operated the premises where her accident occurred, despite the statement in the aided report that the area was not Port Authority property. Instead, her decision to file a claim against the Port Authority appears to have been based on her mistaken belief that the Port Authority owned the area where she fell.

Further, we reject plaintiff's reliance on <u>Lowe</u> and <u>Ventola</u> as those cases are factually distinguishable. In <u>Lowe</u>, our Supreme Court found extraordinary circumstances existed because plaintiff had no reason to know her allegedly negligent doctor was a public employee, she "complied with all of the requirements of a typical malpractice claim," and she "contacted an attorney and immediately pursued her rights." 158 N.J. at 629-30.

A-3276-19

Likewise, in Ventola, the Court found extraordinary circumstances where a patient allegedly injured by the negligence of the staff at a New Jersey Veterans Memorial Home timely served a notice of claim upon the United States Department of Veterans Affairs under the mistaken belief it was the owner of the home.  164 N.J. at 78-79.  The Court found extraordinary circumstances in part because the identity of the New Jersey public entity that actually owned the home, the New Jersey State Department of Military and Veterans Affairs, was obscured as the dominant agency in the provision of veterans' services is the United States Department of Veterans Affairs.  Id. at 82.

The Court has contrasted its holdings in Ventola and Lowe from those cases where, "the identity of the correct defendant was readily discoverable within the ninety days that the statute allows but timely notice was not filed." D.D., 213 N.J. at 153.  Here, as noted, despite plaintiff's efforts in pursuing her claim, the motion record does not contain competent proofs detailing any effort she or her counsel took to investigate or obtain the identity of who owned, operated, or controlled the area where her accident occurred.  That lack of diligent effort is particularly significant where the Port Authority advised plaintiff it did not own the property, the area where plaintiff fell was a public walkway, and ownership was not obscured by the public entity.

Because defendants opposed plaintiff's motion based on plaintiff's failure to establish extraordinary circumstances, the trial court did not reach whether defendants were substantially prejudiced by the late notice, and we similarly do not address that issue. See, e.g., D.D., 213 N.J. at 135, 140, 142 (holding a trial court is not "authorized to grant leave to file a late notice of tort claim" absent extraordinary circumstances, even though "defendants did not advance any argument that they were prejudiced by the untimely filing").

## III.

Finally, the court's March 13, 2020 order fails to explain why the court resolved the plaintiff's motion without oral argument. See R. 1:6-2(d). We find no value in remanding the matter for the sole purpose of conducting oral argument when it is clear that the court properly decided plaintiff's motion. See Finderne Heights Condo. Ass'n v. Rabinowitz, 390 N.J. Super. 154, 165-66 (App. Div. 2007) (stating that "although [there is] a lack of justification for the trial court's failure to have oral argument . . . [there is] no prejudice" warranting a remand); Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 524 (App. Div. 2004). Our decision not to remand for oral argument is based on the unique circumstances presented and should not be interpreted as our approval of a trial court denying a litigant's request for oral argument that is permitted by our Rules.

To the extent we have not addressed any of plaintiff's remaining arguments, it is because we have concluded they are of insufficient merit to warrant discussion in this opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION