**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0694-20

ERIKA NOGUERIA,

    Plaintiff-Respondent,

v.

IDT INTERNATIONAL
CORPORATION,

    Defendant-Respondent,

and

CITY OF NEWARK,

    Defendant-Appellant.

_____

Submitted December 6, 2021 – Decided December 16, 2021

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5730-20.

Kenyatta K. Stewart, Corporation Counsel, attorney for appellant City of Newark (Tiara J. Samuel, Assistant Corporation Counsel, on the briefs).

Kevin E. Glory, attorney for respondent Erika Nogueria.

Law Offices of Linda S. Baumann, attorneys for respondent IDT International Corporation (Angela E. Cameron, on the brief).

PER CURIAM

In this personal injury case, defendant City of Newark (City) appeals from an October 7, 2020 order granting motions filed by plaintiff and co-defendant IDT International Corporation (IDT) allowing the filing of a late notice of tort claim against the City. The motion judge conducted oral argument, entered the order, and rendered an oral opinion on which we substantially agree. We add these remarks.

On February 27, 2020, plaintiff fell in front of 520 Broad Street—a Planet Fitness business. On March 5, 2020, plaintiff's counsel sent Planet Fitness a letter of representation. On March 20, 2020, the governor signed Executive Order 107, which extended time to file notices of claims due to the COVID-19 pandemic. On June 22, 2020, plaintiff's counsel followed up with Planet Fitness and learned that IDT owned the building and was responsible for its maintenance. Plaintiff's counsel notified IDT he represented plaintiff on June 24, 2020, and on July 14, 2020, The Hartford (IDT's carrier) acknowledged

receipt of the letter and made no mention of the City. According to plaintiff's certification, the notice of tort claim had to be filed by August 11, 2020.

Plaintiff's counsel had been working from home—as were nearly all non-essential workers—and taking care of his mother, who was suffering from a terminal illness. Towards the end of the summer, his mother became bedridden, plaintiff's counsel was not in his office, and his mother was under the care of hospice. She passed away on August 14, 2020.

When plaintiff's counsel returned to the office, he saw an August 4, 2020 letter from IDT's carrier indicating for the first time that the City was responsible for the grate that plaintiff allegedly tripped over. Plaintiff's counsel provided its notice of tort claim to the City on August 26, 2020. Two days later, IDT filed a motion for leave to file the late notice of tort claim. And on September 8, 2020, plaintiff's counsel moved for the same relief.

On appeal, the City contends the motion judge should have denied both motions. It maintains that plaintiff failed to show extraordinary circumstances justifying the late notices. The City relies on Blank v. Elizabeth, 162 N.J. 150 (1999) as to plaintiff's motion. And as to IDT, the City relies on Jones v. Morey's Pier, Inc., 230 N.J. 142 (2017). Here, plaintiff showed extraordinary circumstances.

A-0694-20

This court reviews a trial judge's "application of the extraordinary circumstances exception for abuse of discretion." O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344 (2019); N.J.S.A. 59:8-9 (assigning the determination as to whether late notice may be filed to "the discretion of a judge of the Superior Court"). "'Although deference will ordinarily be given' to a trial [judge]'s factual findings, 'the [judge]'s conclusions will be overturned if they were reached under a misconception of the law.'" Ibid. (quoting D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013)). "Generally, we examine 'more carefully cases in which permission to file a late claim has been denied than those in which it has been granted, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application.'" Lowe v. Zarghami, 158 N.J. 606, 629 (1999) (quoting Feinberg v. DEP, 137 N.J. 126, 134 (1994)).

Under N.J.S.A. 59:8-8, a claimant must file a notice of claim with the public entity "not later than the ninetieth day after accrual of the cause of action." While this requirement is harsh, see Rogers v. Cape May Cnty. Off. of Pub. Def., 208 N.J. 414, 420 (2011), N.J.S.A. 59:8-9 establishes a mechanism that a claimant could obtain judicial approval to file a late notice of claim:

> A claimant who fails to file notice of [her] claim within [ninety] days as provided in section 59:8-8 of this act,

A-0694-20

may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of [her] claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for [her] failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

Thus, N.J.S.A. 59:8-9 allows "a claimant to file an application for leave to serve a late notice of claim on a showing of extraordinary circumstances, so long as the application is filed within one year of the accrual of the claim and the public entity has not been substantially prejudiced by the delay." O'Donnell, 236 N.J. at 346. Where there is no evidence of prejudice and extraordinary circumstances shown, granting leave to file a late notice under the Tort Claims Act is appropriate because it allows cases to be heard on the merits. Mendez v. S. Jersey Transp. Auth., 416 N.J. Super. 525, 536 (App. Div. 2010).

Here, plaintiff's motion was filed within one year of the accident and there is no prejudice to the City. The question is whether plaintiff can show

5

extraordinary circumstances to allow the filing of the late notice (roughly two weeks late).

The statute "does not define what circumstances are to be considered 'extraordinary,'" and are to be decided "on a case-by-case basis." Lowe, 158 N.J. at 626 (quoting Allen v. Krause, 306 N.J. Super. 448, 455 (App. Div. 1997)); Rogers, 208 N.J. at 428. Accordingly, in analyzing whether there were extraordinary circumstances, a judge's focus must be directed to the evidence that related to the claimant's circumstances during the ninety-day accrual period. D.D., 213 N.J. at 157. But, definitively, "a plaintiff's ignorance of the ninety-day deadline or counsel's inattention or administrative shortcomings do not constitute extraordinary circumstances." Rogers, 208 N.J. at 428; see also D.D., 213 N.J. at 157 (holding that attorney malpractice, in and of itself, does not amount to extraordinary circumstances under the statute).

The City asserts plaintiff failed to show extraordinary circumstances because plaintiff's counsel's personal emergency came after the ninety-day notice period had elapsed, and the pandemic did not affect plaintiff's ability to inspect the scene of the incident. The motion judge previously disagreed with both contentions because "the extraordinary circumstances in this case is not just what occurred on August 14 . . . when . . . plaintiff's [counsel's] mother

A-0694-20

passed away, but [his] mother was sick before then," and thus concluded that extraordinary circumstances existed during the entirety of his mother's illness.

The motion judge did not abuse his discretion because the combination of the pandemic and plaintiff's counsel's mother's deteriorating health amounted to extraordinary circumstances. See D.D., 213 N.J. at 157. Plaintiff's counsel's failure to serve timely notice of claim was not due to his inattention or negligence but caring for his ailing mother. See Rogers, 208 N.J. at 428.

The City cites Blank to support its contention that the events here did not amount to extraordinary circumstances, but the City's reliance on Blank is misplaced. In Blank, the plaintiff tripped on a pipe protruding from a sidewalk abutting a residential property. 162 N.J. at 151. Plaintiff's attorney served a notice of claim on the residents, who then informed their insurer. Id. at 151-52. Nine months later, the insurer advised plaintiff's counsel that the pipe, which caused the incident, was owned by the City of Elizabeth. Id. at 152. The Court held that this did not amount to extraordinary circumstances because the plaintiff failed to explain why she could not inspect the site to determine the pipe's owner. Id. at 152-53. But here, plaintiff provided the explanation—the combination of her counsel's mother's illness and passing, and the pandemic. Thus, Blank is distinguishable, as the failure to file timely notice there was because of counsel's

A-0694-20

negligence as opposed to an extraordinary circumstance like a family member's illness.

And importantly, because there is no evidence of prejudice, and extraordinary circumstances have been shown, granting leave for plaintiff to file a late notice of tort claim is appropriate, especially since doing so allows the case to be heard on the merits. Mendez, 416 N.J. Super. at 536.

The City asserts that the judge abused his discretion in granting IDT's motion to file late notice of claim because the deadline to file notice began tolling when the injury occurred, relying on Jones, 230 N.J. 142.

Plaintiff's injury and accident occurred on February 27, 2020. IDT received notice of the injury and potential suit on June 24, 2020. IDT then informed plaintiff that the City maintained the grate, where plaintiff fell. On August 28, 2020, IDT also filed a motion for leave to file late notice. At oral argument, the judge found that IDT showed extraordinary circumstances because of the ongoing pandemic and efforts IDT and its counsel took in late July of 2020—IDT's counsel drove to the City of Newark to inspect the site of the accident.

The judge did not abuse his discretion in granting IDT's motion to file a late notice of claim. The pandemic and stay-at-home order caused a state-wide

8

shutdown of non-essential businesses. The judge looked at the entirety of the ninety-day notice period and concluded that IDT's counsel's failure to serve timely notice of claim was due to extraordinary circumstances. See D.D., 213 N.J. at 157.

In Jones, our Court held that the claim period is the same for both a plaintiff's direct claim and a defendant's indemnification/contribution claim. 230 N.J. at 157. But in Jones, the plaintiff and the defendant failed to file within the one-year limit under the statute. Id. at 158; N.J.S.A. 59:8-9 (stating that a party may file after the ninety-day period as long as the party "file[s] such notice at any time within one year after the accrual of his [or her] claim"). Thus, the City's reliance on Jones is also misplaced.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION