**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2215-21

SIMONE MOREJON,

     Plaintiff-Appellant,

v.

WAKEFERN FOOD CORP.,
SHOPRITE OF HILLSDALE,

     Defendants-Respondents.

_____

Argued December 18, 2023 – Decided January 8, 2024

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2692-20.

George Thomas Baxter argued the cause for appellant (Law Office of George Thomas Baxter, attorneys; Nicholas G. Sekas, of counsel and on the briefs; Stelios Stoupakis, on the briefs).

Scott D. Samansky argued the cause for respondents (Fishman McIntyre Levine Samansky, PC, attorneys; Scott D. Samansky, on the brief).

PER CURIAM

Plaintiff Simone Morejon sued defendants Wakefern Corp. ("Wakefern") and ShopRite of Hillsdale ("ShopRite") for negligence stemming from an alleged slip and fall injury. Plaintiff failed to name the proper corporate entity in its complaint—Inserra Supermarkets, Inc. d/b/a ShopRite of Hillsdale and Wakefern Food Corp. ("Inserra"). Plaintiff appeals from the trial court's December 15, 2021 order denying her motion to amend the complaint to name Inserra as a defendant and the court's March 8, 2022 order denying plaintiff's motion for reconsideration of the December 15, 2021 order. Plaintiff further appeals from the trial court's March 9, 2022 order granting summary judgment in favor of Wakefern and ShopRite. Based on our review of the record and the applicable legal principles, we reverse and remand for further proceedings.

I.

On September 24, 2019, plaintiff was a customer at a ShopRite in the Borough of Hillsdale when she slipped on a wet floor and fell, allegedly injuring her shoulder. Plaintiff filed a complaint against Wakefern and ShopRite in May 2020.[1] Despite not being named in the complaint, Inserra answered the

---

[1] The complaint was dated March 1, 2020, but was not filed until May 2020. In July 2020, plaintiff's original law firm withdrew as counsel, and the Sekas Law Group substituted in as counsel for plaintiff. The attorney assigned to represent plaintiff from the Sekas firm "abruptly" left the firm in September 2021, which

complaint in June 2020.  In its separate defenses, Inserra noted:  Wakefern did not own the store in question; plaintiff failed to sue the proper corporate defendant; and Inserra reserved the right to move to dismiss plaintiff's complaint.[2]  Thereafter, the parties engaged in discovery.

Inserra fully participated in discovery.  It answered interrogatories on behalf ShopRite.  Inserra acknowledged it received notice of plaintiff's fall on the date of the incident when plaintiff reported the matter.  It took plaintiff's deposition, obtained a defense medical examination, and consented to the extension of discovery during this litigation.  Defendants' answers to interrogatories identified Inserra in response to a request for the "full name and residence address of each defendant."  In addition, in August 2020 and August 2021, counsel for Inserra advised plaintiff that Wakefern did not own ShopRite and was not a proper party to the litigation.

---

plaintiff argues caused delays in responding to discovery and motions.  Shortly before oral argument on appeal, The Law Office of George T. Baxter substituted in to represent plaintiff.

[2]  Plaintiff asserts it assumed Inserra was the party defending the action, despite not being named in the original complaint.  Therefore, plaintiff contends she did not anticipate Inserra would move to dismiss based on plaintiff not seeking to replace ShopRite with Inserra as the correct defendant.

In September 2021, defendant moved to dismiss plaintiff's complaint.[3] The court denied the motion on procedural grounds. In November 2021, defendant moved for reconsideration; and in December 2021 plaintiff cross-moved to amend the complaint to name Inserra as a defendant.[4] On December 15, 2021, the court denied both motions. Thereafter, plaintiff moved for reconsideration, and defendants moved for summary judgment. On March 8, 2022, the court denied plaintiff's motion for reconsideration to amend the complaint to name Inserra as a defendant. On March 9, 2022, the court granted defendants' motion for summary judgment.

In denying plaintiff's motion to amend the complaint to name Inserra as a defendant, the court found, despite the "liberality promoted" by Rule 4:9-1, plaintiff did not explain the reason for delaying naming Inserra as defendant and why the amendment was necessary at that stage of the litigation. In denying

---

[3] In response to plaintiff's argument that defendant delayed filing the motion to dismiss until after the statute of limitations, defendants contend it proceeded with discovery "on the reasonable presumption that the multiple notices would prompt plaintiff to amend the [c]omplaint." Despite our ultimate decision in this case, we are in no way critical of defense counsel who put plaintiff on notice, early in the case, regarding the proper corporate entity that owned the ShopRite of Hillsdale. The unnecessary motion practice and appeal in this matter were occasioned by the actions of plaintiff's prior counsel.

[4] Plaintiff filed her motion prior to the close of discovery.

plaintiff's motion for reconsideration, the court held plaintiff had not demonstrated diligence in moving to amend her complaint and relied on cases discussing Rule 4:26-4, the fictitious pleading rule. Because the court did not permit plaintiff to amend the complaint under Rule 4:9-1, the court did not address whether such an amendment would relate back to the date of the original pleading by virtue of Rule 4:9-3.

The court granted ShopRite's motion for summary judgment because Wakefern did not own ShopRite. Moreover, the court noted ShopRite was a trade name and owed no duty to plaintiff. The court also reiterated plaintiff did not exercise diligence in amending its complaint to name Inserra as a defendant.

## II.

Plaintiff argues the trial court abused its discretion by denying leave to amend the complaint. She further contends the court erred in granting summary judgment, and the interest of justice supports reinstating her claims in this matter.

More particularly, plaintiff asserts the court abused its discretion under Rule 4:9-1 by not liberally allowing plaintiff to amend her complaint. Plaintiff further asserts, pursuant to Rule 4:9-3, the court erred because there was no showing of prejudice to Inserra because it engaged in discovery since it filed an

5

answer. She contends her delay in naming Inserra was not due to a lack of diligence. Rather, she claims there was confusion over Inserra's legal position because it filed an answer on behalf of ShopRite and was a party to the case all along.[5]

Pursuant to <u>Rule</u> 4:9-1, a party who has not amended a pleading before a responsive pleading was served, or before the action was placed on the trial calendar, may still amend the pleading "by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice." The decision to grant leave to amend is left to the court's discretion but is to "be liberally granted and without consideration of the ultimate merits of the amendment." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2.1 on <u>R.</u> 4:9-1 (2024); <u>see also</u> <u>Kernan v. One Washington Park</u>, 154 N.J. 437, 456-57 (1998). "The broad power of amendment should be liberally exercised at any stage of the proceedings, including on remand after appeal, unless undue prejudice

---

[5] Plaintiff further alleges the court erred in dismissing the action based on the fictitious pleading rule. <u>R.</u> 4:26-4. She acknowledges that while it is necessary for a plaintiff to exercise due diligence to ascertain and name the fictitious party, the court must also consider whether the defendant has been prejudiced by any delay in being named as a defendant. <u>Claypotch v. Heller, Inc.</u>, 360 N.J. Super. 472 (App. Div. 2003).

would result." Pressler & Verniero, cmt. 2.1 on R. 4:9-1 (2024) (citing Bustamante v. Borough of Paramus, 413 N.J. Super. 276, 298 (App. Div. 2010)).

Rule 4:9-1 provides trial judges with discretion when ruling on motions for leave to file amended pleadings. Kernan, 154 N.J. at 457. Despite the liberality of this standard, courts have recognized that judges may deny leave when the granting of relief would be "futile"—as when the new claim lacks merit and would ultimately be dismissed for failure to state a claim upon which relief may be granted, Notte v. Merchants Mutual Insurance Company, 185 N.J. 490, 501 (2006)—or if the new claim, even possessing marginal merit, would unduly protract the litigation or cause undue prejudice, Building Materials Corporation of America. v. Allstate Insurance Company, 424 N.J. Super. 448, 484 (App. Div. 2012); Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994).

Initially, we note the trial court did not characterize plaintiff's claim as futile or that it would unduly protract the litigation. Moreover, there is no indication Inserra would suffer any prejudice as a result of the amendment. Having to defend against a potentially meritorious claim is not legal prejudice. Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 207 (App. Div. 2000). Rather, as we have noted in other contexts, legal prejudice ordinarily entails difficulty in maintaining one's defense and involves the loss of witnesses,

loss of evidence, or fading memories. <u>Blank v. City of Elizabeth</u>, 318 N.J. Super. 106, 114-15 (App. Div.), certif. granted, 160 N.J. 479, aff'd as modified, 162 N.J. 150 (1999). In <u>Escalante v. Township of Cinnaminson</u>, we observed that delay alone does not serve to create substantial prejudice. 283 N.J. Super. 244, 253 (App. Div. 1995) (citing <u>Kleinke v. Ocean City</u>, 147 N.J. Super. 575, 581 (App. Div. 1977)). Instead, it is the lack of availability of information which results from the delay that is, for the most part, determinative of the issue of substantial prejudice. <u>Id.</u> at 252-53.

We certainly understand the trial court's concerns with the conduct of plaintiff's prior law firm. There is no question the firm was not diligent in amending the complaint after having received notice the proper corporate entity had not been named. However, we are convinced the case should not have been decided based on plaintiff's lack of diligence in the context of the fictitious pleading principles underlying <u>Rule</u> 4:26-4 and the specific facts in this case. Rather, the analysis should center on <u>Rules</u> 4:9-1 and 4:9-3. Inserra has not suffered any legal prejudice from plaintiff's delay in amending her complaint, given its involvement in this action—including engaging in discovery—since the commencement of the action. It is also undisputed Inserra was on notice of the claim since plaintiff's fall and was obviously aware of the lawsuit at its

inception, as it answered on behalf of ShopRite and actively engaged in discovery. Accordingly, we find the court misapplied its discretion under Rule 4:9-1 in denying plaintiff's motion to amend the complaint to name Inserra as a defendant.

We next turn to whether the amended complaint relates back to the filing of the original complaint under Rule 4:9-3. The question of whether an amended complaint relates back to an earlier complaint is a question of law that is reviewed de novo. Repko v. Our Lady of Lourdes Med. Ctr., Inc., 464 N.J. Super. 570, 574 (App. Div. 2020).

Rule 4:9-3, in pertinent part, states:

> Whenever the claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have

9

> been brought against the party to be brought in by
> amendment.
>
> [(emphasis added).]

The Rule should be liberally construed. Notte, 185 N.J. at 499; Kernan, 154 N.J. at 458.

Inserra does not dispute that it was aware of the litigation before it was added as a defendant. In fact, Inserra answered the complaint on behalf of ShopRite and fully participated in discovery throughout this litigation. Moreover, there is no indication Inserra would be prejudiced in "maintaining a defense" under Rule 4:9-3. Lastly, Inserra clearly understood that, but for an error concerning the proper party, the action would have been brought against it. In that regard, Inserra advised plaintiff on several occasions that Wakefern was not the proper defendant and that Inserra was the proper party. Therefore, plaintiff's amendment relates back to the date of the filing of the original complaint.

We only need briefly address the dismissal of plaintiff's complaint on summary judgment. We review decisions granting summary judgment de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). A grant of summary judgment is appropriate if "there is no genuine issue as to any material fact" and the moving party is entitled to judgment "as a matter of law." R. 4:46-2(c). We therefore

"must 'consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Samolyk, 251 N.J. at 78 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

The trial court's decision on summary judgment was intertwined with its decision to deny plaintiff's motion to amend the complaint. Because plaintiff's application to name Inserra was denied, the court determined summary judgment was appropriate because Wakefern was not the proper defendant. Moreover, because Inserra was not properly named as defendant and ShopRite was only a trade name, neither entity could be legally responsible for plaintiff's injuries. Given that we have concluded plaintiff should have been permitted to name Inserra under the liberal standards set forth in Rule 4:9-1, and that the amended complaint relates back to the original date of the complaint pursuant to Rule 4:9-3, we reverse the summary judgment order dismissing plaintiff's complaint. This will allow the claims to ultimately be adjudicated on the merits or by further motion practice as the case may be.

Although not directly addressed in this appeal, it appears there were disputes as to whether discovery had been completed. As we noted, plaintiff has

since retained new counsel. Given the procedural posture of this case, coupled with the fact that discovery had not yet expired when the motion to amend was denied, we remand for the trial court, subject to its sound discretion, to re-open discovery to allow the parties to complete the necessary discovery.

To the extent we have not specifically addressed any of the parties' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2215-21